# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT L. PARKER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0063** (BOR Appeal No. 2048578)
                    (Claim No. 2013012783)

**BOGGS ROOFING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert L. Parker, by Cathy L. Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Boggs Roofing, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2013, in which the Board affirmed a July 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 25, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Parker, a roofer, alleges that he developed a hernia while moving a roll of insulation in the course of his employment on October 11, 2012. He was treated the following day at MedExpress and diagnosed with an umbilical hernia. He did not mention that the injury was work-related at that time. The claims administrator rejected the claim on October 25, 2012.

Several statements from co-workers were submitted for consideration. Jeff Mullins wrote in a statement that Mr. Parker left at lunch on the date of the alleged injury and did not appear to be injured. He called the next day and asked Mr. Mullins what his hernia felt like. Mr. Mullins

1

informed Mr. Parker that he only had twenty-four hours to report a work-related injury. Matthew Stephens stated in an affidavit that he worked with Mr. Parker on the date of the alleged injury installing vents on the side of walls. The job did not require anything physical other than climbing a ladder, and they did not work with insulation. Mr. Stephens opined that Mr. Parker did not appear to be injured and did not mention an injury. Tim Parsons stated in an affidavit that he worked with Mr. Parker on the date of the alleged injury. He said that they were scheduled to install vents and no employee was scheduled to move or install insulation. Mr. Parker left at lunch, did not return, and did not report an injury. Pam Boggs stated in an affidavit that she is the vice president of Boggs Roofing. The company policy is that all accidents are to be reported immediately. Mr. Parker was aware of the policy and followed it for another work-related injury. She asserted that he was aware on the date of the alleged injury that he was scheduled to be laid off approximately one week later.

Mr. Parker testified in a deposition on February 14, 2013, that he was moving bundles of insulation on October 11, 2012, when he felt a pull in his abdomen. That evening, he noticed a bulge in his bellybutton. He was treated at MedExpress but did not inform them that he had sustained a work-related injury. He asserted that he informed Pamela Boggs of the injury the following day. He also asserted that he was fired a few days after the injury.

The Office of Judges affirmed the claims administrator's decision on July 3, 2013. The Office of Judges found that Mr. Parker's account of the mechanism of his injury was not credible. He testified that he was injured while moving insulation. However, the affidavits of Ms. Boggs, Mr. Stephens, and Mr. Parsons state that Mr. Parker's job duties that day involved installing vents and in no way involved insulation. He presented no evidence in rebuttal. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 23, 2013, decision.

On appeal, Mr. Parker argues that his testimony should have been given more evidentiary weight than the affidavits submitted by Boggs Roofing, Inc., because he had no opportunity for cross examination. Also, the affidavits were not given under oath. Boggs Roofing, Inc., asserts that the evidentiary record shows that Mr. Parker was not moving insulation on the day of the alleged injury, he did not report a work-related injury when he sought treatment, and he was scheduled to be laid off shortly after the injury allegedly occurred. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. In light of the numerous affidavits and statements of record, Mr. Parker's testimony that he was injured while moving insulation is not credible.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

Justice Menis E. Ketchum, disqualified